IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARRY L. FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3187 |
| | ) | |
| V. | ) | |
| | ) | |
| FARMLAND FOODS, INC., | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's motion for summary judgment (filing 22). For the reasons set forth below, Defendant's motion will be granted.

**I.   Background**

Defendant operates a pork-processing facility in Crete, Nebraska. (Filing 24, Ex. 1.) In March of 2008, Plaintiff applied for a maintenance electrician position at Defendant's Crete facility. (*Id.*) On April 24, 2008, Mike Wilson ("Wilson"), Defendant's then Human Resources Manager, interviewed Plaintiff for the position. (*Id.*) Wilson was impressed with Plaintiff's credentials and believed that Plaintiff had the experience and training to perform the job. (*Id.*) Therefore, the day after the interview, Wilson extended a conditional offer of employment to Plaintiff. (*Id.*)

Pursuant to the conditional offer of employment, Plaintiff was required to undergo a pre-placement medical examination and drug screen. (Filing 1.) On April 29, 2008, Plaintiff reported to the Crete facility to complete his pre-placement physical. (Filing 24, Ex. 3.) Defendant's plant nurse, Barbara Lorenz ("Lorenz"), performed the examination. (*Id.*) At the time of the examination, Plaintiff informed Lorenz that he had sustained a neck injury in 2006 after being involved in an

automobile accident. (*Id.*) Plaintiff told Lorenz that he used hydrocodone daily to alleviate the discomfort associated with the injury. (*Id.*) Plaintiff indicated that he did not believe he would pass the drug screen based on his drug use. (*Id.*) Despite this disclosure, Lorenz continued with the pre-placement physical. (*Id.*)

As Plaintiff suspected, his initial drug screen was inconclusive, due to the fact that it was preliminarily positive for opiates. (*Id.*) On May 21, 2008, Wilson contacted Plaintiff by telephone and informed him that Defendant was rescinding its conditional offer of employment because of Plaintiff's use of prescription drugs. (Filing 24, Ex. 1.) Wilson told Plaintiff that once Plaintiff no longer required the use of these drugs, he was free to re-apply for employment. (*Id.*)

Plaintiff subsequently brought this action alleging that Defendant discriminated against him based on disability in violation of the Nebraska Fair Employment Practice Act ("NFEPA"). *See* Neb. Rev. Stat. § 48-1104, et seq. Specifically, Plaintiff maintains that Defendant "regarded" him as disabled and rescinded the job offer for that reason.

**II.    Analysis**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"'Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim.'" *Arnold v. Nursing and Rehabilitation Center at Good Shepherd, LLC*, 471 F.3d 843, 845-46 (8th Cir.2006) (quoting *Whitley v. Peer Review Sys., Inc.,* 221 F.3d 1053, 1055 (8th Cir.2000)). In other words, discrimination cases "are not immune from summary judgment." *Wallace v. DTG Operations, Inc.,* 442 F.3d 1112, 1118 (8th Cir.2006) (citing *Berg v. Norand Corp.,* 169 F.3d 1140, 1144 (8th Cir.1999)). Rather, in the context of employment discrimination, summary judgment "'remains a useful pretrial tool to determine whether or not any case ... merits a trial.'" *Pope v. ESA Servs., Inc.,* 406 F.3d 1001, 1006 (8th Cir.2005) (quoting *Berg,* 169 F.3d at 1144).

To establish a prima facie case of disability discrimination, Plaintiff must establish that he (1) is disabled (or "regarded as" disabled) within the meaning of the NFEPA; (2) is qualified to perform the essential functions of his job with or without reasonable accommodation and (3) suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination based on disability. *Hutson v. Coviden, Inc.*, 654 F. Supp.2d 1014, 1020 (D. Neb. 2009). Once Plaintiff has established a prima facie case, the burden of production shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Kozisek*

*v. County of Seward, Neb.*, 539 F.3d 930, 935 (8th Cir. 2008). If Defendant does so, the burden shifts back to Plaintiff to demonstrate that Defendant's proffered reason is a pretext for unlawful discrimination. *Id.* To prove pretext, Plaintiff "must do more than show that the employment action was ill-advised or unwise, but rather must show that [Defendant] has offered a 'phony excuse.'" *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir.2005) (quoting *Hudson v. Chicago Transit Authority*, 375 F.3d 552, 561 (7th Cir. 2004)).

Defendant does not dispute that Plaintiff is qualified to perform the essential functions of the job or that Plaintiff suffered an adverse employment action. Rather, Defendant contends that Plaintiff cannot establish that Defendant "regarded" Plaintiff as disabled or that the adverse employment action was based on disability. The court agrees.

"A person is regarded as disabled if '(1) the employer mistakenly believes that the employee has an impairment (which would substantially limit one or more major life activity), or (2) the employer mistakenly believes that an actual impairment substantially limits one or more major life activity.'" *Chalfant v. Titan Distribution, Inc.*, 475 F.3d 982, 988-89 (8th Cir. 2007) (quoting *Wenzel v. Missouri-Am. Water Co.*, 404 F.3d 1038, 1040 (8th Cir. 2005)). Major life activities are activities such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Conant v. City of Hibbing,* 271 F.3d 782, 784 (8th Cir.2001) (per curiam) (quoting 29 C.F.R. § 1630.2(i)). "In order to be regarded as disabled with respect to the major life activity of working, the employer must mistakenly believe that the actual impairment substantially limits the employee's ability to work." *Chalfant,* 475 F.3d at 989.

Plaintiff has not presented any evidence that Defendant perceived Plaintiff as disabled or limited in any way. To the contrary, the facts of record show just the opposite. It is undisputed that Wilson considered Plaintiff highly qualified for the job

4

and encouraged him to re-apply when he no longer required the use of prescription narcotics. While it is true that Defendant was aware of Plaintiff's neck injury, this alone does not provide sufficient evidence that Defendant regarded Plaintiff as disabled. See *Hutson*, 654 F. Supp.2d at 1022.

Plaintiff argues that Lorenz's continuation of his pre-placement physical after learning of his drug use and Wilson's request that he submit reports from Plaintiff's own physicians following the positive drug test demonstrates that he was regarded as disabled. (Filing 28, Br. Opp'n Def's Mot. Summ. J. at CM/ECF pp. 17-19.) According to Plaintiff, if Defendant had a strong policy against prescription narcotic use, it would not have performed the physical or requested additional reports. (*Id.*) The court does not find this argument persuasive. If anything, the evidence of Defendant's continued efforts only suggests that Defendant was eager to hire Plaintiff. It does not, as Plaintiff maintains, lead to the conclusion that Defendant thought Plaintiff was disabled and decided not to hire him for that reason. There is no evidence in the record to support this contention. Because Plaintiff's unsubstantiated allegations are insufficient to create an issue of fact, summary judgment is appropriate. See *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) ("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment.")

Moreover, even if Plaintiff could show that Defendant regarded him as disabled, summary judgment is nevertheless appropriate because Defendant has articulated a legitimate, nondiscriminatory reason for the recision of the offer and Plaintiff has failed to show pretext. It is undisputed that the maintenance electrician position at Defendant's Crete facility entails hazardous tasks, including maintaining the electrical grid within the facility and ensuring the proper level of power is maintained to meet the varied electrical requirements of the heavy mechanical equipment used in the facility. (Filing 24, Ex. 1.) Maintenance electricians use

specialized power tools and equipment and climb ladders and platforms in high locations. (*Id.*) All of these job functions are fulfilled in an environment in which the production floor is wet and slick. (*Id.*) On account of these job requirements and dangerous working conditions, it is certainly reasonable for Plaintiff to require applicants to pass a drug test before working at the facility. Plaintiff was aware that his employment was contingent upon him passing a drug test. Plaintiff failed to do so. There is nothing to suggest that Plaintiff was denied employment for any other reason. Therefore, Defendant's motion for summary judgment will be granted.

    IT IS ORDERED:

1.    Defendant's motion for summary judgment (filing 22) is granted;

2.    Judgment shall be entered by separate document.

April 27, 2010

                              BY THE COURT:
                              *Richard G. Kopf*
                              United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.